UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Pleasant | Civil Action No. 6:18-00010 |
| versus | Unassigned District Judge |
| City of Ville Platte | Magistrate Judge Carol B. Whitehurst |

### REPORT AND RECOMMENDATION

Before the Court is an unopposed[1] Motion To Dismiss Penalty, Punitive or Exemplary Damages filed by Defendant, City of Ville Platte ("Ville Platte") [Rec. Doc. 11]. For the following reasons, the undersigned recommends that the Motion to Dismiss Penalty, Punitive or Exemplary Damages [Rec. Doc. 11], be granted.

*I. Background*

Plaintiff, Latasha Pleasant, alleges that on or about January 26, 2017, she was arrested pursuant to a Bench Warrant.[2] *R. 8, ¶7.* After her arrest, Plaintiff claims she was not allowed to shower or change into clean clothes for two days. *R. 8, ¶8.* Plaintiff complains she was put in the "hole"instead of a jail cell. *Id.* Plaintiff next alleges that on January 28th, she was forced into a closet with no bed or toilet and that she was forced to remove all of her clothing in front of male officers, despite her request to disrobe before a female officer. *Id at ¶¶9-10.* She claims that during the time she was held in the "closet," she repeatedly requested the use of a restroom, but was denied. *Id at ¶11.* Plaintiff asserts that she remained in the "closet" for two days, or until January 30. 2017. *Id at ¶ 12.*

---

[1] Pursuant to Local Rule 7.5, the deadline to file Plaintiff's opposition to the Motion was March 1, 2018.

[2] The record indicates there were three (3) outstanding Bench Warrants for Plaintiff's arrest. *R. 10-3.*

Plaintiff filed this action alleging claims under 43 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the Constitution, as well as statutory and constitutional state law claims, against Ville Platte, Tommy Gallow, individually and in his official capacity as the Chief of Police for Ville Platte, and Tommy Thomas and Malcolm McKinny, individually and in their official capacity as Ville Platte police officers. *R. 1, 8.*[3]

*Law and Analysis*

In the Motion to Dismiss Penalty, Punitive or Exemplary Damages under Section 1983, Defendant, Ville Platte, contends that Plaintiff's demand for punitive damages against it should be dismissed because punitive damages are not recoverable against a municipality under Section 1983. *R.11*. The Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages under 42 U.S.C. § 1983." *Tickner v. City of Shreveport*, 2017 WL 629227, at *4 (W.D.La., 2017) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981)). This Court finds that Plaintiffs are barred from recovering punitive damages against a municipality such as the Ville Platte.

Further, it is well settled that under Louisiana law, punitive damages are not allowed unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages are recoverable. *See e.g. Killebrew v. Abbott Laboratories*, 359 So.2d 1275, 1278 (La. 1978); *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988); *Gagnard v. Baldridge*, 612 So.2d 732, 736 (La.1993); *Ross v. Conoco, Inc.*, 828 So.2d 546, 549 (La.,2002).

---

[3] The record indicates that Plaintiff has not served any of the individual defendants.

Because plaintiff has failed to identify a statutory provision which allows recovery of punitive damages for her state law claims her claims for punitive damages under state law must be dismissed.

Based on the foregoing, the undersigned recommends that City of Ville Platte's Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Rec. Doc. 11] be **GRANTED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 26th day of March, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE